UNITED STATES DISTRICT COURT
STATE OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 MAY -9 P 2: 23

U.S. DISTRICT COURT
DISTRICT OF MASS

-------------------------------X
Leon MCLEAN
    Petitioner,

                    AGENCY/ IMMIGRATION FILE
                    A 36 843 530
vs

Director, Immigration & Customs
Enforcement; Alberto Gonzales,    CIVIL CASE No.
Attorney General. et al.
    Respondents
-------------------------------
                          05-10952 DPW

                      Referred to MJ JC Alexand

### MOTION FOR AN EMERGENCY STAY OF DEPORTATION

Comes now the Petitioner, pro se who hereby petitions and moves this Honorable Court to issue a stay of deportation pending the adjudication of his petition for writ of habeas corpus which is filed with the court pursuant to 28 U.S.C. § 2241. In support of this petition the Petitioner alleges as follows:

1.    The issuance of a stay would not be harmful to the Respondent, the petitioner is likely to succeed on the merits, irreparable harm may occur if a stay is not granted, the potential harm to the Petitioner outweighs the Respondents if a stay is not granted and the granting of a stay would served the public interest. Lecky v Reno,120 F.Supp 2d 225(D.Conn.2000); Ofosu v McElroy,98 F.3d at 694(2d Cir.1996); Deleon v INS,113 F.3d 643 (9th Cir.1997.

2.    The Petitioner has a substantial equities under the Immigration laws, as well as substantial liberty interest at

1

stake, wherefore, the Petitioner prays that this Honorable Court issue a stay of deportation enjoining the Respondents from removing him until a full and complete adjudication of his petition for writ of habeas corpus has been exhausted and entertained, pursuant to 28 U.S.C. § 2241.

## PRAYER FOR RELIEF

Issue an order in the form of a letter with the judge's signature enjoining the Respondents from removing the Petitioner, the Petitioner is detained in Oakdale, where criminal aliens are removed from the United States although they have petitions for writ of habeas corpus pending. The issuance of a stay in a letter head will provide the Petitioner with the neccesary documents to show the INS that he has a stay pending.

Grant any other relief that this Court may deem just and equitable as law and justice so requires.

Respectfully Submitted

*[signature]*
Dated: 5-02-05

2

UNITED STATES DISTRICT COURT
FOR THE STATE OF MASSACHUETTS

Leon McLean  A36 843 530 \
**Petitioner's Name and Number**

_____ Sec.P. \
**Civil Action Number**

_____ \
**Judge**

VS. \
Alberto Gonzalez, Attorney General; \
J. Eric Dietz, Secretary DHS; \
Frank Monin, Director, HQ-P.O.D.U \
et al. \
**Name of Respondent**

_____ \
**Magistrate Judge**

## APPLICATION FOR FEDERAL WRIT OF HABEAS CORPUS
## UNDER 28 U.S.C. §2241

1. Present place of confinement __Federal Detention Center, Oakdale, LA 71463__

2. Indicate the basis for your petition and complete the portions of the application form indicated:

   a. _____ A conviction.
   b. _____ A sentence. CAUTION: If you are attacking a sentence imposed under a federal judgment, you must first file a direct motion under 28 U.S.C.§2255 in the federal court which entered the judgment.
   c. _____ Prison discipline.
   d. _____ A parole problem.
   e. _____ A detainer placed by the State of _____.
   f. __XXX__ A deportation order or detainer placed by the Immigration & Naturalization Service.
   g. _____ Continued detention in the custody of the Immigration & Naturalization Service.
   h. _____ Other _____

3. **PERSONS CHALLENGING A FEDERAL CONVICTION OR SENTENCE COMPLETE THIS PART.**

   a. Name and location of court which entered judgment of conviction and the sentence you are currently serving and which is currently under attack. _____

   b. Date of judgment of conviction. _____

   c. Length of sentence imposed. _____

    d.    Name of sentencing judge. _____

    e.    Nature of the offense(s) for which you were convicted (list all counts). _____
_____
_____

    f.    What was your plea?
              _____    Guilty
              _____    Not Guilty
              _____    Nolo Contendere

If you entered a GUILTY plea to one count or indictment and a NOT GUILTY plea to another count or indictment, give details. _____
_____
_____
_____

    g.    Type of trial.
              _____    Jury
              _____    Judge Only

    h.    Did you testify at trial?
              _____    Yes
              _____    No

    i.    Did you appeal from the judgment of conviction?
              _____    Yes
              _____    No

    j.    If you did appeal, answer the following:
          1.    Name of court. _____
          2.    Result of appeal. _____
_____
          3.    Date of result. _____
          4.    Grounds raised on appeal. _____
_____
_____
_____

    k.    Other than a direct appeal from the judgment of conviction and sentence, have you filed any other petitions, applications or motions with respect to this judgment in any court, state or federal?
          _____    Yes        _____    No


If YES, give the following information:
1. Name of court. _____
2. Nature of proceeding. _____

3. Grounds raised. _____
_____
_____

(i) Did you receive an evidentiary hearing on the petition, application, or motion?
_____ Yes
_____ No

(ii) If YES, give the following information:
Result. _____
_____
Date of result. _____

l. Have you filed a motion under Section 2255 of Title 28 of the United States Code to vacate, set aside, or correct the sentence imposed?
_____ Yes
_____ No
If YES, what grounds were presented? _____
_____

m. Do you have any petition, application, or appeal pending in any court, state or federal?
_____ Yes
_____ No
If YES, give the following information:
1. Name of court. _____
2. Nature of proceeding. _____
_____
3. Date of filing. _____
4. Suit Number. _____
5. Current status. _____
_____

n. Have you been sentenced on more than one count of an indictment, or on more than one indictment in the same court at the same time?
_____ Yes
_____ No

o. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack in this petition?
_____ Yes
_____ No

    If YES, give the following information:
1.     Name and location of the court which imposed the sentence to be served in the future. _____

_____

2.     Length of sentence to be served in the future. _____
3.     Have you filed or do you contemplate filing any petition attacking the judgment which imposed the future sentence.
    _____ Yes
    _____ No

4. **PERSONS CHALLENGING A DECISION BY THE PAROLE COMMISSION COMPLETE THIS PART.**

    a.     Have you presented this claim or any other claim challenging the Parole Commission's decision to the National Appeals Board or any other available agency for review?
    _____ Yes
    _____ No
If YES, what was the result? _____

5. **PERSONS CHALLENGING A STATE DETAINER COMPLETE THIS PART.**
    a.     Have you presented this claim or any other claim concerning the legality of the state detainer placed against you to that state's highest court? (NOTE: Interstate Agreement on Detainers)
    _____ Yes
    _____ No

6. **PERSONS CHALLENGING ACTIONS BY THE IMMIGRATION & NATURALIZATION SERVICE COMPLETE THIS PART.**
    a.     Have you presented this claim or any other claim concerning the INS's action to the Board of Immigration Appeal?
    __XXXX__ Yes
    _____ No
If YES, what was the date and result of the appeal? __April 15, 2005__

_____

7. **THIS SECTION IS TO BE COMPLETED BY ALL PETITIONERS.**
    Specifics of your claim. State concisely and clearly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. Do not cite case law. Give only factual information.

    GROUND ONE\_\_\_\_\_ __Evidence was not "clear and convincing__

_____

4

SUPPORTING FACTS   The evidence relied upon by the BICE was contradicted by another piece of evidence (there were two(2) different conviction reports for the same crime, both showing different dispositions.

GROUND TWO _____

SUPPORTING FACTS _____

GROUND THREE _____

SUPPORTING FACTS _____

GROUND FOUR _____

SUPPORTING FACTS _____

5-03-05
**Date**

*[signature: Leon McF___]*
**Signature of Petitioner**

x:proseforms

UNITED STATES DISTRICT COURT
STATE OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 MAY -9  P 2: 24

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| Leon McLEAN,<br><br>    Petitioner<br><br>V.<br><br>Alberto Gonzalez, Attorney General for the United States of America;<br><br>J. Eric Dietz, Secretary of Department of Homeland Security;<br><br>Craig Robinson, District Director Immigration and Customs Enforcement et al;<br>    Respondents | Civil Action No. _____<br><br>Agency No. A36 843 530 |

## PETITION FOR WRIT OF HABEAS CORPUS

## PURSUANT TO 28 U.S.C. §2241

NOW COMES, Leon McLEAN, Petitioner Pro-Se, and respectfully moves this Honorable Court to issue a Writ of Habeas Corpus pursuant to 28 U.S.C.§2241 ; vacating the final order of removal issued by the Board of Immigration Appeals on April 15, 2005 ordering Petitioner removed from the United States of America to Trinidad & Tobago, as an aggravated felon, in the interest of fairness, justice and Due Process of Law.

1

## JURISDICTION

1. The action arises under the United States Constitution, the Immigration and Nationality Act("INA"), 8 U.S.C.§§1101 et seq., and the Administrative Procedure Act("APA"), 5 U.S.C.§§701 et seq. This Court has habeas corpus jurisdiction pursuant to 28 U.S.C.§2241 et seq.; Art. I,§9,Cl.2 of the U.S.Constitution("Suspension Clause"); and the Common Law. This Court may also exercise jurisdiction pursuant to 28 U.S.C.§1361(mandamus jurisdiction), and 28 U.S.C.§1331, and may grant relief pursuant to the Declaratory Judgement Act, 28 U.S.C.§2201 et seq., and the All Writs Act, 28 U.S.C.§1651

2. In light of Calcano-Martinez v. INS, 533 U.S.348(2000), this Court has habeas jurisdiction under 28 U.S.C.§2241, the general grant of habeas jurisdiction to the federal district courts, to review and the Board of Immigration Appeals'("Board") dismissal of Mr. McLean's appeal. In Calcano-Martinez, the Supreme Court held that where an alien removable on the basis of a criminal conviction seeks to challenge the denial of relief from deportation, the proper forum to do so is in a district court habeas action under 28 U.S.C.§2241, and the scope of such habeas review encompasses review of constitutional and statutory claims relating to an alien's eligibility to apply for relief from deportation. See also St. Cyr v. INS, 121 S.Ct.2271(2001).

3. Mr. McLean's challenge to the Board's dismissal of his appeal is based upon constitutional issues involving due process rights.

4. Mr. McLean claims that the Board violated his due process rights by applying Fifth Circuit case law to find him an aggravated felon, which error deprived him of the opportunity to seek relief from removal.

## STATEMENT OF THE CASE

Petitioner is a male native and citizen of Trinidad & Tobago. He was admitted as an immigrant on July 1, 1979.

Petitioner is alleged to have the following Massachusetts convictions: (1) August 27, 1996, assault and battery; (2) December 20, 1996, assault with a dangerous weapon; (3) October 21, 2002, possession of a controlled substance. The December 1996 conviction is contested in this appeal.

The Notice to Appear in this case was issued April 14, 2004. An additional charge was lodged May 25, 2004. The original NTA charged deportability under INA §237(a)(2)(A)(ii)(2 or more crimes of moral turpitude) and 237(a)(2)(B)(i)(conviction relating to a controlled substance). The new charge alleged existence of the December 1996 conviction, which was charged as an aggravated felony under INA §§ 237(a)(2)(A)(iii) as a "crime of violence" (INA §101(a)(43)(F)).

Petitioner denied all the criminal allegations in the NTA; he specifically objected to the conviction documents for the December 1996 offense. This is an appeal of the Board of Immigration Appeals decision dated April 15, 2005. Respondent argues that he is eligible to request "LPR Cancellation" under INA §240A(a) because the alleged aggravated felony conviction of December 1996 has not been proven by clear and convincing evidence.

## ISSUES PRESENTED FOR REVIEW

1. Whether Petitioner's alleged December 1996 conviction was proven by "clear and convincing evidence", when there are two separate records submitted, the first of which contains no record of disposition. INA §240(c)(3)(A) and (B).

3

## DISCUSSION

The first record of conviction submitted by DHS contains no "finding" of guilt for the assault crimes. The box that indicates disposition has not been checked. Later on in proceedings, the Department submitted a completely identical document, also attested by the Clerk of Court, but, this time, "guilty" boxes were checked for both assault offenses. Over objection, the immigration judge ruled that "there might have been some clerical error" and that "taking the documents in their totality", the conviction had been established by clear and convincing evidence.

The (apparent) correction of a clerical error is not sufficient to meet the Department's burden of proof. The Department has offered no explanation of why the first document contained no record of disposition. This conviction has not been demonstrated by "clear and convincing evidence". INA §240(c)(3)(A); Woodby v.INS, 385 U.S.276, 285-86, 87 S.Ct.483, 487-88, 17 L.Ed.2d 362(1966). The Board has strict rules about what sorts of documents constitute the "record of conviction". Matter of Teixeira, 21 I&N Dec. 316,319(BIA 1996), citing Matter of Rodriguez-Cortes, 20 I&N Dec. 587,588(BIA 1992) (including an information in "record of conviction".); Matter of Short, 20 I&N Dec. 136,137-38(BIA 1989)(including indictment, plea

verdict, and sentence in "record of conviction"); <u>Matter of Mena</u>, 17 I&N Dec. 38(BIA 1979)(considering transcript from proceedings of arraignment in which alien accepted guilty plea as part of "record of conviction"); <u>Matter of Esfandiary</u>, 16 I&N Dec. 659,661(BIA 1979)(including charge or indictment, plea, verdict, and sentence in "record of conviction"); <u>Matter of Ghunaim</u>, 15 I&N Dec.269,270(BIA 1975)(including charge or indictment, plea, judgement or verdict, and sentence in "record of conviction"). The Board also has strict rules about what foreign "conviction" documents can satisfy the regulatory requirements. <u>See Matter of Bader</u>, 17 I&N Dec.525(BIA 1980). If the same strict approach of the cases above is applied to the documents at issue here, it becomes apparent the Department's burden of proof has not been met.

At best, the record is ambiguous, as it contains two documents, one of which indicates there was no disposition. Ambiguities must be resolved in favor of the alien. <u>See Clark v. Martinez</u>, 543 U.S.__(2005), slip op. at 8-9(affirming the "rule of lenity" applies to interpretation of statutes in immigration proceedings.)

## CLAIM FOR RELIEF

Petitioner was admitted as an immigrant over 20 years ago. The first conviction alleged is in 1996. He has 17 years of residence, then, much more than required for LPR Cancellation. INA §240A(a). His first assault conviction is not alleged as an aggravated felony therefore, it it only the December 1996 conviction that would bar him from applying for relief. INA §240A(d).

## CONCLUSION

Because Mr. McLean's conviction is not an aggravated felony under the appropriate application of the law, he is eligible for cancellation of removal inder INA §240A, 8 U.S.C.§1229b(a). Cancellation of removal under this section is available to an alien who: (1) has been lawfully admitted for permanent residence for at least 5 years; (2) has continuously resided in the United States in any status for at least 7 years; and (3) has not been convicted of an aggravated felony as defined in INA §101(a)(43), 8 U.S.C.§1101(a)(43). Mr. McLean meets all of these requirements. To find otherwise would be a grave injustice to Mr. McLean who has lived in the United States for 17 years and has built his entire life here in the States.

Wherefore, Petitioner prays that this Honorable Court grants this Writ for Habeas Corpus vacating the final order of removal against him and remand this case back to the Immigration Judge for the purpose of allowing him the opportunity to apply for LPR Cancellation of Removal, or in the alternate, to terminate said case in the interest of fairness and justice.

Dated: 5-3-05

Respectfully submitted,

*Leon McLean*
Leon McLean,(Pro-se)
A# 36 843 530

Federal Detention Center
PO Box 5010,
Oakdale, LA 71463

6

## CERTIFICATE OF SERVICE

    I hereby certify that I have caused a true and exact copy of this Writ of Habeas Corpus to be mailed via First Class Mail, postage prepaid on this 3 day of May, 2005 to DHS/BICE Litigation Unit, at United States Attorney Office 1 Courthouse Way, Boston, Massachuetts 02210. An Emergency Request for a Stay of Deportation was also included in this Petition.

Respectfully submitted,

*Leon McLean* (Pro-se)
A# 36 843 530
Federal Detention Center
PO Box 5010,
Oakdale, LA 71463



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

Nesom, H. Todd, Esquire
P.O. Drawer 1131
Oakdale, LA 71463-1131

FEDERAL DET. CENTER-OAKDALE 2
P.O. Box 1128
OAKDALE, LA 71463

Name: MCLEAN, LEON                                A36-843-530

Date of this notice: 04/15/2005

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*/s/ F.F.K./*

Frank Krider
Chief Clerk

Enclosure

Panel Members:
    FILFPU, LAURI S.

...Justice  
...migration Review  
...Virginia 22041

Decision of the Board of Immigration Appeals

File: A36 843 530 - Oakdale

Date: APR 1 5 2005

In re: LEON MCLEAN

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: H. Todd Nesom, Esquire

ON BEHALF OF DHS: Glenda M. Raborn
Assistant Chief Counsel

CHARGE:

Notice: Sec.   237(a)(2)(A)(ii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(ii)] -
Convicted of two or more crimes involving moral turpitude

Sec.   237(a)(2)(B)(i), I&N Act [8 U.S.C. § 1227(a)(2)(B)(i)] -
Convicted of controlled substance violation

Lodged: Sec.   237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
Convicted of aggravated felony (section 101(a)(43)(F) of the Act)

APPLICATION: Cancellation of Removal

ORDER:

PER CURIAM. We affirm the Immigration Judge's October 26, 2004, decision sustaining the charges of deportability and ordering the respondent removed from the United States. Specifically, we agree with the Immigration Judge that the Department of Homeland Security (the "DHS"), formerly the Immigration and Naturalization Service, provided clear and convincing evidence to prove the existence of the respondent's December 20, 1996, Massachusetts conviction for assault by dangerous weapon. While slight differences exist between the two copies of the respondent's conviction record (with several boxes being checked on one copy that were not checked on the other), we find no clear error in the Immigration Judge's determination that these differences were merely reflective of clerical error that the trial court had corrected (Tr. at 16-17). In any event, either set of documents is sufficient to demonstrate the existence of the conviction at hand because both sets of documents reflect the sentence imposed. The respondent presents no other arguments on appeal, and therefore the appeal is dismissed.

_____
FOR THE BOARD

UNITED STATES DISTRICT COURT
STATE OF MASSACHUSETTS

Leon McLEAN       A# 36 843 530
    DOC NO. _____

**VERSUS**
Alberto Gonzalez, Attorney
General of United States; et al.

### AFFIDAVIT TO PROCEED *IN FORMA PAUPERIS*

I, __Leon McClean__, prisoner/INS identification number __22002-265__,
    **(Full Name)**
declare that I am the __Petition__ Petitioner/Plaintiff

* If you are a plaintiff in a civil rights action, are you serving a criminal sentence? ____ yes __X__ no

* If you are not serving a criminal sentence, are you being held pursuant to a detainer placed upon you by a government agency such as the Immigration and Naturalization Service? __X__ yes ____ no

_____ Movant (filing 28 U.S.C §2255 motion)

__XXX__ Other _____

in this case. In support of my request to proceed without prepayment of the full filing fee or costs under 28 U.S.C. §1915, I declare that I am unable to pay the full filing fee or costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you incarcerated? __XXX__ yes _____ no

If "Yes," state place of incarceration: __Federal Detention Center P.O. Box 5010, Oakdale, LA 71463__

(If "No," this is the wrong form for you. You should request the Non-prisoner Declaration in

Support of Request to Proceed *In Forma Pauperis.*)

2. Do you have a work, program, status assignment, or other circumstances which causes you to be paid by the prison, jail or other custodial institution? __XX__ Yes _____ No

3. In the past 12 months have you received money from the following sources? If so, state the total amount received.

|   |   |   |   | Amount |
|---|---|---|---|---|
| A. | Business, profession, or other self-employment | ____Yes | __x__No | $_____ |
| B. | Rent payments, interest, or dividends | ____Yes | __x__No | $_____ |
| C. | Pensions, annuities, or life life insurance payments | ____Yes | __x__No | $_____ |
| D. | Disability or Workers' Compensation Payments | ____Yes | __x__No | $_____ |
| E. | Gifts or Inheritances | ____Yes | __x__No | $_____ |
| F. | Any other sources | ____Yes | __x__No | $_____ |

If the answer to any of the above is "Yes," describe each source of money and state the amount received and the amount that you expect to continue to receive.

4. Do you have any cash or checking or savings accounts outside the prison?

_____Yes   __x__No   Amount $_____

5. Do you have a secondary savings account, such as a certificate of deposit or a savings bond?

_____Yes   __x__No   Amount $_____

6. Do you own any assets including real estate, stocks, bonds, securities, other financial instruments, automobiles, or other valuable property?

_____Yes   __x__No

If "yes," describe each asset and state its value:

**VALUE**

Automobiles _____  $ __0__
(Make/model/year) _____
Stocks _____  $ __0__
Bonds _____  $ __0__
Notes _____  $ __0__
Real Estate _____  $ __0__
        $ _____ (Mortgage)

Other _____  $ __0__

7. Have you on any prior occasion, while incarcerated or detained in any prison, jail, or other facility, brought an action in federal court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted?  _____ Yes   __x__ No

If "yes," list the dismissals:

| Date Dismissed | Case Name | Case number | Court |
|---|---|---|---|
| NA | ____ v. ____ | _____ | _____ |
| NA | ____ v. ____ | _____ | _____ |
| NA | ____ v. ____ | _____ | _____ |

I declare under penalty of perjury that I have submitted above a complete statement of all of the assets that I possess and that all of the information set out above is true and correct.

Executed on __5-02-05__
            (Date)

_____
(Signature of Applicant)

## APPLICATION OF FORM FEE WAIVER REQUEST
## AFFIDAVIT

I declare under the penalty of perjury that the foregoing true and correct:

1. I am currently incarcerated.

2. I am irdigent and can not afford the fees to prosecute this application or form.

3. I believe I am entitled to the relief requested.

Sworn to before me on this 2nd day of May, 2005

_____
Notary Public
038384

Respectfully Submitted

X_____
Leon .Mc LEAN    (Pro-se)
B.O.P.# 22002-265
Federal Detention Center
PO Box 5010,
Oakdale, LA 71463