UNITED STATES DISTRICT COURT
STATE OF MASSACHUSETTS

Leon McLEAN,

    Petitioner

        V.

Alberto Gonzalez, Attorney General for the United States of America;

J. Eric Dietz, Secretary of Department of Homeland Security;

Craig Robinson, District Director Immigration and Customs Enforcement et al;

    Respondents

Civil Action No. _____

Agency No. A36 843 530

05-10952 DPW

## PETITION FOR WRIT OF HABEAS CORPUS

## PURSUANT TO 28 U.S.C. §2241

NOW COMES, Leon McLEAN, Petitioner Pro-Se, and respectfully moves this Honorable Court to issue a Writ of Habeas Corpus pursuant to 28 U.S.C.§2241 , vacating the final order of removal issued by the Board of Immigration Appeals on April 15,2005 ordering Petitioner removed from the United States of America to Trinidad & Tobago, as an aggravated felon , in the interest of fairness, justice and Due Process of Law.

1

## **JURISDICTION**

1.  The action arises under the United States Constitution, the Immigration and Nationality Act("INA"), 8 U.S.C.§§1101 et seq., and the Administrative Procedure Act("APA"), 5 U.S.C.§§701 et seq. This Court has habeas corpus jurisdiction pursuant to 28 U.S.C.§2241 et seq.; Art. I,§9,Cl.2 of the U.S.Constitution("Suspension Clause"); and the Common Law. This Court may also exercise jurisdiction pursuant to 28 U.S.C.§1361(mandamus jurisdiction), and 28 U.S.C.§1331, and may grant relief pursuant to the Declaratory Judgement Act, 28 U.S.C.§2201 et seq., and the All Writs Act, 28 U.S.C.§1651

2.  In light of Calcano-Martinez v. INS, 533 U.S.348(2000), this Court has habeas jurisdiction under 28 U.S.C.§2241, the general grant of habeas jurisdiction to the federal district courts, to review and the Board of Immigration Appeals'("Board") dismissal of Mr. McLean's appeal. In Calcano-Martinez, the Supreme Court held that where an alien removable on the basis of a criminal conviction seeks to challenge the denial of relief from deportation, the proper forum to do so is in a district court habeas action under 28 U.S.C.§2241, and the scope of such habeas review encompasses review of constitutional and statutory claims relating to an alien's eligibility to apply for relief from deportation. See also St. Cyr v. INS, 121 S.Ct.2271(2001).

3.  Mr. McLean's challenge to the Board's dismissal of his appeal is based upon constitutional issues involving due process rights.

4.  Mr. McLean claims that the Board violated his due process rights by applying Fifth Circuit case law to find him an aggravated felon, which error deprived him of the opportunity to seek relief from removal.

## STATEMENT OF THE CASE

Petitioner is a male native and citizen of Trinidad & Tobago. He was admitted as an immigrant on July 1, 1979.

Petitioner is alleged to have the following Massachusetts convictions: (1) August 27, 1996, assault and battery; (2) December 20, 1996, assault with a dangerous weapon; (3) October 21, 2002, possession of a controlled substance. The December 1996 conviction is contested in this appeal.

The Notice to Appear in this case was issued April 14, 2004. An additional charge was lodged May 25, 2004. The original NTA charged deportability under INA §237(a)(2)(A)(ii)(2 or more crimes of moral turpitude) and 237(a)(2)(B)(i)(conviction relating to a controlled substance). The new charge alleged existence of the December 1996 conviction, which was charged as an aggravated felony under INA §§ 237(a)(2)(A)(iii) as a "crime of violence" (INA §101(a)(43)(F)).

Petitioner denied all the criminal allegations in the NTA; he specifically objected to the conviction documents for the December 1996 offense. This is an appeal of the Board of Immigration Appeals decision dated April 15, 2005. Respondent argues that he is eligible to request "LPR Cancellation" under INA §240A(a) because the alleged aggravated felony conviction of December 1996 has not been proven by clear and convincing evidence.

## ISSUES PRESENTED FOR REVIEW

1. Whether Petitioner's alleged December 1996 conviction was proven by "clear and convincing evidence", when there are two separate records submitted, the first of which contains no record of disposition. INA §240(c)(3)(A) and (B).

## DISCUSSION

The first record of conviction submitted by DHS contains no "finding" of guilt for the assault crimes. The box that indicates disposition has not been checked. Later on in proceedings, the Department submitted a completely identical document, also attested by the Clerk of Court, but, this time, "guilty" boxes were checked for both assault offenses. Over objection, the immigration judge ruled that "there might have been some clerical error" and that "taking the documents in their totality", the conviction had been established by clear and convincing evidence.

The (apparent) correction of a clerical error is not sufficient to meet the Department's burden of proof. The Department has offered no explanation of why the first document contained no record of disposition. This conviction has not been demonstrated by "clear and convincing evidence". INA §240(c)(3)(A); Woodby v.INS, 385 U.S.276, 285-86, 87 S.Ct.483, 487-88, 17 L.Ed.2d 362(1966). The Board has strict rules about what sorts of documents constitute the "record of conviction". Matter of Teixeira, 21 I&N Dec. 316,319(BIA 1996), citing Matter of Rodriguez-Cortes, 20 I&N Dec. 587,588(BIA 1992) (including an information in "record of conviction".); Matter of Short, 20 I&N Dec. 136,137-38(BIA 1989)(including indictment, plea

verdict, and sentence in "record of conviction"); <u>Matter of Mena</u>, 17 I&N Dec. 38(BIA 1979)(considering transcript from proceedings of arraignment in which alien accepted guilty plea as part of "record of conviction"); <u>Matter of Esfandiary</u>, 16 I&N Dec. 659,661(BIA 1979)(including charge or indictment, plea, verdict, and sentence in "record of conviction"); <u>Matter of Ghunaim</u>, 15 I&N Dec.269,270(BIA 1975)(including charge or indictment, plea, judgement or verdict, and sentence in "record of conviction"). The Board also has strict rules about what foreign "conviction" documents can satisfy the regulatory requirements. <u>See Matter of Bader</u>, 17 I&N Dec.525(BIA 1980). If the same strict approach of the cases above is applied to the documents at issue here, it becomes apparent the Department's burden of proof has not been met.

At best, the record is ambiguous, as it contains two documents, one of which indicates there was no disposition. Ambiguities must be resolved in favor of the alien. <u>See Clark v. Martinez</u>, 543 U.S.__(2005), slip op. at 8-9(affirming the "rule of lenity" applies to interpretation of statutes in immigration proceedings.)

## CLAIM FOR RELIEF

Petitioner was admitted as an immigrant over 20 years ago. The first conviction alleged is in 1996. He has 17 years of residence, then, much more than required for LPR Cancellation. INA §240A(a). His first assault conviction is not alleged as an aggravated felony therefore, it it only the December 1996 conviction that would bar him from applying for relief. INA §240A(d).

5

## CONCLUSION

Because Mr. McLean's conviction is not an aggravated felony under the appropriate application of the law, he is eligible for cancellation of removal inder INA §240A, 8 U.S.C.§1229b(a). Cancellation of removal under this section is available to an alien who: (1) has been lawfully admitted for permanent residence for at least 5 years; (2) has continuously resided in the United States in any status for at least 7 years; and (3)has not been convicted of an aggravated felony as defined in INA §101(a)(43), 8 U.S.C.§1101(a)(43). Mr. McLean meets all of these requirements. To find otherwise would be a grave injustice to Mr. McLean who has lived in the United States for 17 years and has built his entire life here in the States.

Wherefore, Petitioner prays that this Honorable Court grants this Writ for Habeas Corpus vacating the final order of removal against him and remand this case back to the Immigration Judge for the purpose of allowing him the opportunity to apply for LPR Cancellation of Removal, or in the alternate, to terminate said case in the interest of fairness and justice.

Dated: 5-3-05

Respectfully Submitted,

Leon McLean,(Pro-se)
A# 36 843 530

Federal Detention Center
PO Box 5010,
Oakdale, LA 71463

## CERTIFICATE OF SERVICE

    I hereby certify that I have caused a true and exact copy of this Writ of Habeas Corpus to be mailed via First Class Mail, postage prepaid on this 3 day of May, 2005 to DHS/BICE Litigation Unit, at United States Attorney Office 1 Courthouse Way, Boston, Massachuetts 02210. An Emergency Request for a Stay of Deportation was also included in this Petition.

Respectfully submitted,

*Leon McLean*

Leon McLean (Pro-se)
A# 36 843 530
Federal Detention Center
PO Box 5010,
Oakdale, LA 71463

U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**Nesom, H. Todd, Esquire**
**P.O. Drawer 1131**
**Oakdale, LA 71463-1131**

**FEDERAL DET. CENTER-OAKDALE 2**
**P.O. Box 1128**
**OAKDALE, LA 71463**

**Name: MCLEAN, LEON**

A36-843-530

**D**ate of this notice: 04/15/2005

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*F.F.K-1*

Frank Krider
Chief Clerk

Enclosure

Panel Members:
    FILPPU, LAURI S.

...ustice
...migration Review
...irginia 22041

Decision of the Board of Immigration Appeals

File:  A36 843 530 - Oakdale

Date: APR 1 5 2005

In re: LEON MCLEAN

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   H. Todd Nesom, Esquire

ON BEHALF OF DHS:    Glenda M. Raborn
                     Assistant Chief Counsel

CHARGE:

    Notice:  Sec.   237(a)(2)(A)(ii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(ii)] -
        Convicted of two or more crimes involving moral turpitude

        Sec.   237(a)(2)(B)(i), I&N Act [8 U.S.C. § 1227(a)(2)(B)(i)] -
        Convicted of controlled substance violation

    Lodged:  Sec.   237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
        Convicted of aggravated felony (section 101(a)(43)(F) of the Act)

APPLICATION:  Cancellation of Removal

ORDER:

PER CURIAM. We affirm the Immigration Judge's October 26, 2004, decision sustaining the charges of deportability and ordering the respondent removed from the United States. Specifically, we agree with the Immigration Judge that the Department of Homeland Security (the "DHS"), formerly the Immigration and Naturalization Service, provided clear and convincing evidence to prove the existence of the respondent's December 20, 1996, Massachusetts conviction for assault by dangerous weapon. While slight differences exist between the two copies of the respondent's conviction record (with several boxes being checked on one copy that were not checked on the other), we find no clear error in the Immigration Judge's determination that these differences were merely reflective of clerical error that the trial court had corrected (Tr. at 16-17). In any event, either set of documents is sufficient to demonstrate the existence of the conviction at hand because both sets of documents reflect the sentence imposed. The respondent presents no other arguments on appeal, and therefore the appeal is dismissed.

FOR THE BOARD