```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

LEON McLEAN,                       )
            Petitioner,            )
                                   )
       v.                          )   C.A. No. 05-10952-DPW
                                   )
ALBERTO GONZALEZ, et al.,          )
            Respondents.           )
```

MEMORANDUM AND ORDER OF TRANSFER

For the reasons set forth below, this action will be transferred to the United States District Court for the Western District of Louisiana.

BACKGROUND

Petitioner Leon McLean, now detained in Oakdale, Louisiana by the Bureau of Immigration and Customs Enforcement of the Department of Homeland Security, alleges that he is a native and citizen of Trinidad & Tobago and entered the United States as an immigrant on July 1, 1979.  See Habeas Petition, p. 3. Petitioner was convicted of several criminal offenses in Massachusetts.  Id.

On April 15, 2005, the Board of Immigration Appeals ("BIA") affirmed the Immigration Judge's October 26, 2004, decision sustaining the charges of deportability and ordering Mr. McLean removed from the United States.  Id.; see also Petitioner's Exhibit (Decision of Board of Immigration Appeals).

On May 9, 2005, petitioner the instant habeas action accompanied by a Motion for Emergency Stay of Deportation, Application for Federal Writ of Habeas Corpus under 28 U.S.C. §

2241; and an Affidavit to Proceed In Forma Pauperis.

## DISCUSSION

Although immigration detainees may seek habeas relief pursuant to Section 2241 of title 28 and district courts have jurisdiction to review those petitions, see Immigration and Naturalization Service v. St. Cyr., 533 U.S. 289, 312-313 (2001), this Court does not have jurisdiction to hear this petition because the petitioner is not in custody in this district.

A writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243. The Court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody. Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) cert. denied sub. nom. Vasquez v. Ashcroft, 122 C. Ct. 43 (2001) (alien seeking writ of habeas corpus contesting legality of detention by I.N.S. normally must name as respondent his immediate custodian, the individual having day to day control over the facility in which he is being detained).

Although Vasquez directs courts in the First Circuit to assert habeas jurisdiction only over the person who exercises "day-to-day control" over the detainee, "extraordinary circumstances" may justify exceptions to this rule. Vasquez at 969 (suggesting that extraordinary circumstances might include a situation in which the location of the detainee is undisclosed, or where the INS has "spirited an alien from one site to another

in an attempt to manipulate jurisdiction.").

Petitioner's legal custodian is the warden of the Oakdale detention facility, the individual with the day-to-day control over the facility in which he is being detained. Id. at 684. This Court does not have personal jurisdiction over the Warden of Oakdale detention facility, and therefore must either dismiss or transfer this Section 2241 petition to the proper district.[1] Id. at 696; see 28 U.S.C. § 1631 (stating that whenever a court finds that it lacks jurisdiction, it "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought").

## CONCLUSION

Based upon the foregoing, it is hereby ORDERED, that this action be TRANSFERRED to the United States District Court for the Western District of Louisiana, 300 Fannin Street, Suite 1167, Shreveport, Louisiana 71101 for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 10th day of May, 2005.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court is transferring this action, it will not address petitioner's motions. See Vasquez, 233 F.3d at 697 (the district court ought not to have acted on the merits of petition where court lacked jurisdiction over petitioner's custodian).